**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Beth Erin L.,

      Plaintiff(s),

v.

Frank Bisignano,

      Defendant(s).

Case No. 2:26-cv-01368-NJK

**Order**

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1), and submitted a complaint (Docket No. 1-1).

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff filed an application to proceed *in forma pauperis*.  Docket No. 1.  The application has sufficiently shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

**II.    Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint.  *See* 28 U.S.C. § 1915(e).  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening.  First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the

nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g., Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[1]

The complaint in this case fails to state the nature of Plaintiff's disability. With respect to Plaintiff's disagreement with the decision below, the complaint simply parrots the standards and that is insufficient. *See, e.g., Graves*, 2015 WL 357121, at *2.

**III.   Conclusion**

Accordingly, the Court hereby **ORDERS** as follows:

1.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees must be paid if recovery is made. At this time, Plaintiff is not required to pre-pay the filing fee.

2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.  The Clerk must file the Complaint.

4.  Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until May 21, 2026, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes earlier pleadings. Local Rule 15-1(a) requires that an amended

---

[1] The rules that govern social security cases provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023). As explained above, a central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke,* 490 U.S. at 327.

complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5. **Failure to file an amended complaint by the deadline set above may result in the dismissal of this case**.

IT IS SO ORDERED.

Dated: May 7, 2026

 

_____

Nancy J. Koppe
United States Magistrate Judge

3